**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DIANE L. SANDERS,
    *Plaintiff-Appellant,*

  v.

CITY OF NEWPORT,
    *Defendant-Appellee.*

No. 08-35996

D.C. No.
6:07-CV-00776-TC

DIANE L. SANDERS,
    *Plaintiff-Appellee,*

  v.

CITY OF NEWPORT,
    *Defendant-Appellant.*

No. 09-35119

D.C. No.
6:07-cv-00776-TC

DIANE L. SANDERS,
    *Plaintiff-Appellee,*

  v.

CITY OF NEWPORT,
    *Defendant-Appellant.*

No. 09-35196

D.C. No.
6:07-cv-00776-TC

OPINION

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding

Argued and Submitted
March 1, 2010—Portland, Oregon

Filed March 17, 2011

3659

Before: Richard A. Paez, Richard C. Tallman and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Paez

## COUNSEL

Thomas Doyle, Bennett Hartman Morris & Kaplan, LLP, Portland, Oregon, for the plaintiff-appellant.

Karen O'Kasey, Sean Bannon, Matthew Kalmanson, Marjorie Speirs, Hoffman, Hart & Wagner, LLP, Portland, Oregon, for the defendant-appellee.

## OPINION

PAEZ, Circuit Judge:

Diane Sanders, a former employee of the City of Newport ("the City"), sued the City when it refused to reinstate her after she took an approved medical leave. In her complaint, Sanders alleged that the City violated the Family and Medical Leave Act of 1993 ("FMLA"), the Oregon Family Leave Act ("OFLA"), and other state and federal laws when it failed to reinstate her after she took FMLA/OFLA leave, and ultimately fired her.[1] At trial, the City argued that it could not provide a safe workplace for Sanders because she suffered from multiple chemical sensitivity. In a bifurcated trial, a jury decided Sanders's FMLA and other damages claims, while the court decided Sanders's claims for equitable relief under OFLA. The jury returned its verdict in favor of the City, finding that the City did not violate Sanders's FMLA rights. On the basis of the same evidence presented to the jury, the court concluded that the City violated Sanders's OFLA rights and awarded monetary relief. Both Sanders and the City timely appealed. In her appeal, Sanders argues that the court improperly instructed the jury on the elements of her FMLA interference claim. Sanders further argues that the instructional error was not harmless and therefore she is entitled to a new trial. In its appeal, the City argues that the court was bound by the jury's implicit factual findings that it made in rendering a verdict for the City on Sanders's FMLA claim. The City thus

[1]Sanders was granted medical leave under both the FMLA and the OFLA, but for clarity, we refer to it throughout the opinion as FMLA leave.

argues that it is entitled to judgment on Sanders's OFLA claim.

For the reasons explained below, we agree with Sanders that the trial court improperly instructed the jury on the elements of her FMLA interference claim and that the error was not harmless. We therefore reverse the judgment as to this claim and remand for a new trial. Because the jury was improperly instructed, we vacate the judgment on Sanders's OFLA claim and remand it for further consideration after the retrial of her FMLA claim.

## I. Factual and Procedural Background

The City employed Diane Sanders as a utility billing clerk for approximately ten years. Sanders compiled water and utility bills, issued monthly bills, and provided customer service. After the City moved Sanders's office to a new location and started to use lower-grade billing paper, Sanders began suffering health problems. Sanders consulted with a specialist, Dr. Morgan, who diagnosed her as suffering from multiple chemical sensitivity. In Dr. Morgan's opinion, the condition was triggered by handling low-grade paper at work and poor air quality in Sanders's work area. The City, in response to Sanders's complaints, retained an expert to test the air quality in Sanders's work area. The expert determined that the air quality met governing health and safety standards. The Oregon Occupational Safety and Health Division of the Department of Consumer and Business Services rendered a similar report after testing air samples in the copy room.

On the basis of Dr. Morgan's advice, Sanders requested and received one month of FMLA leave, starting on January 19, 2006, to see if her health would improve if she were not exposed to the chemicals in her office. Sanders's leave was later extended because she had an unrelated medical condition. After the City sent a letter to Sanders, stating that she needed "to present a fitness-for-duty certificate from [her]

physician prior to being restored to employment," Dr. Morgan faxed a letter to the City stating that Sanders had recovered from her other medical condition and that he believed she could return to work, so long as she avoided use of the problem-causing low-grade paper. The City had stopped using the low-grade paper while Sanders was on FMLA leave. Sanders also submitted a fitness-for-work certificate from the surgeon who treated her unrelated medical condition. On May 5, 2006, the City informed Sanders that she would not be permitted to return to work because the City could not guarantee that her workplace would be safe for her due to her chemical sensitivity. The City and Sanders continued to correspond throughout May and June, during which time Sanders consistently requested reinstatement and assured the City that she was ready to return to work.

On January 8, 2007, the City sent Sanders a letter advising her that her employment would be terminated that same day "due to the restrictions placed on [her] by [her] physician, Dr. Morgan, which the City is unable to accommodate." Sanders filed an administrative appeal of the decision to terminate her employment. In response to her appeal, the City informed her: "The decision to terminate your employment was made for the reason that the City could not provide a safe workplace for you, given your sensitivity to chemicals and the lack of knowledge as to the chemicals or concentrations that may cause a reaction."

Sanders filed her district court complaint in July 2007, alleging violations of the Americans with Disabilities Act ("ADA"), FMLA, OFLA, and other federal and state laws. Following discovery, the City moved for summary judgment on all claims. The district court granted the City's motion on Sanders's workers' compensation claim, but denied summary judgment on all other claims. At trial, the court impaneled a jury to hear Sanders's FMLA and other damages claims. Because the remedial relief that Sanders sought under OFLA and a state law retaliation claim was equitable in nature, these

claims were severed and deferred by the court until the conclusion of the jury trial.

Although the parties discussed the nature of Sanders's FMLA claim with the court at a pretrial conference, it was not entirely clear at the outset of the trial whether Sanders was pursuing a retaliation or interference claim. As the trial progressed, the court, with clarification from counsel, determined that Sanders was pursuing an interference claim. With this clarification, the judge stated that he would modify the proposed jury instructions and verdict form to instruct the jury to consider whether "plaintiff prove[d] by a preponderance of the evidence that defendant failed to reinstate her . . . . [a]fter she took family medical leave[.]"

The next day, after discussion with counsel, the court determined that the FMLA instruction needed further revision. The City argued that the court's proposed instruction did not require Sanders to prove that the City's decision to terminate her was unlawful. In the City's view, an employer should only be liable if it acted wrongfully in terminating its employee, and the employee should bear the burden of proving as much. In response, the court proposed to modify the instruction and verdict form to instruct the jury to consider whether "plaintiff prove[d] by a preponderance of the evidence that the defendant, *without reasonable cause*, failed to reinstate her after she took leave[.]" (Emphasis added). Sanders objected, arguing that the proposed revision was a misstatement of the law. The following colloquy between the court and counsel ensued:

> **The Court**: I suppose it boils down to the issue of whether [the City's] perception of [Sanders] as being unable to return to the workplace without getting sick, whether that's reasonable cause or not.
>
> **[Sanders]**: I think that . . . where the employer says we can't . . . we're not bringing you back because of

this doctor's note that restricts you in some way that we can't do, that's an affirmative defense that they can raise, certainly. They haven't at this point. They have to show that they're excused from the obligations created by the statute. And that excuse —

**The Court**: What do you mean they haven't raised that as a defense? I thought they had.

**[Sanders]**: I have not seen that in the pleadings. . . .

**The Court**: Well, haven't they, in their testimony, stated that the reason they didn't reinstate her and the reason they terminated her was because they thought that she would get sick if she returned to that work environment?

**[Sanders]**: That has been the testimony, because it's been overlapping with a number of other different issues, absolutely, there is no question about that. But, once again, in terms of the instructions, I don't think that — and in terms of what's properly before the jury . . . that hasn't been properly brought as an affirmative defense in this case.

**[The City]**: First of all, Your Honor, there are no affirmative defenses — as a matter of statute to date, there are no affirmative defenses required of the employer to plead in a Family Medical Leave Act claim, like there are in the Americans with Disabilities Act claim. . . . [T]here are only two cases in the Ninth Circuit interpreting FMLA, *Bachelder* and *Amway*. Neither of them say[s] that there is some affirmative defense that the employer can raise. Both of them say that there has to be some, you know, discriminatory or bad motive on the part of the employer. They both confuse retaliation with inter-

ference. And in the *Amway* case, the Ninth Circuit acknowledges that this confusion occurred. And so — and as far as the facts of this case, yes, there has been testimony [that Sanders] took leave. She was qualified to take leave. The reason I didn't bring her back is because I couldn't guarantee a safe workplace. And I think the reasonable cause language that the court is proposing is adequate and appropriate.

**The Court**: Okay. I think that's what I'll do. That the defendant, without reasonable cause, failed to reinstate her after she took leave.[2]

All but two state claims (including the OFLA claim) were submitted to the jury, which returned a verdict for the City on all claims. Sanders timely appeals the judgment entered on the jury's verdict, arguing that the district court's jury instructions misstated the law.

On the basis of the jury's implicit factual findings, the court found for the City on Sanders's state law retaliation claim, but found that Sanders proved by a preponderance of the evidence that the City refused, without reasonable cause, to reinstate Sanders after she took family medical leave pursuant to OFLA. As to that claim, the court awarded Sanders $64,040 in back pay, front pay, and other related losses, and

---

[2]The court's final jury instruction read:

Plaintiff also claims that she was not reinstated to her job after she took family medical leave. In order to prove that claim, plaintiff must prove both of the following: (1) that she requested family medical leave; and (2) that she was denied reinstatement or discharged from employment without reasonable cause after she took family medical leave.

The related question on the jury verdict form asked:

3. Did plaintiff prove by a preponderance of the evidence that the defendant, without reasonable cause, failed to reinstate her after she took family medical leave?

$60,488.65 in attorney fees and costs and entered judgment accordingly. The City timely appealed, arguing that the trial court was required to reach the same determination on Sanders's OFLA claim as the jury reached on the FMLA claim.

## II.  Discussion

### A.  The FMLA

Enacted in 1993, the FMLA "was the culmination of several years of negotiations in Congress to achieve a balance that reflected the needs of both employees and their employers." *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1119 (9th Cir. 2001). The declared purpose of the FMLA is:

> (1) to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity;

> (2) to entitle employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition;

> (3) to accomplish the purposes described in paragraphs (1) and (2) in a manner that accommodates the legitimate interests of employers.

29 U.S.C. § 2601(b). To that end, "[t]he FMLA creates two interrelated, substantive employee rights: first, the employee has a right to use a certain amount of leave for protected reasons, and second, the employee has a right to return to his or her job or an equivalent job after using protected leave." *Bachelder*, 259 F.3d at 1122 (citing 29 U.S.C. §§ 2612(a), 2614(a)). As described in greater detail in *Bachelder*, 29 U.S.C. § 2615(a) sets forth two very different ways to protect these substantive rights. *Id.* at 1124; *see also Xin Liu v.*

*Amway Corp.*, 347 F.3d 1125, 1133 & n.7 (9th Cir. 2003); *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002) ("Courts have recognized two theories for recovery on FMLA claims under § 2615, the retaliation or discrimination theory and the entitlement or interference theory."); *Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1206 n.9 (11th Cir. 2001) ("While the FMLA does not clearly delineate these two claims with the labels 'interference' and 'retaliation,' those are the labels courts have used in describing an employee's claims under the Act.").

**[1]** Under § 2615(a)(2), it is "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2). An allegation of a violation of this section is known as a "discrimination" or "retaliation" claim. *See Bachelder*, 259 F.3d at 1124; *see also, e.g.*, *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 508 (6th Cir. 2006); *Smith*, 298 F.3d at 960; *Strickland*, 239 F.3d at 1207. Although undecided in this circuit, *see Bachelder*, 259 F.3d at 1125 n.11, other circuits that have considered how a plaintiff can establish liability in an FMLA discrimination or retaliation claim have adopted some version of the *McDonnell Douglas v. Green* burden shifting framework.[3] 411 U.S. 792

---

[3]Under the *McDonnell Douglas* burden shifting framework, the plaintiff first must establish a "prima facie case of discrimination or retaliation." *Metoyer v. Chassman*, 504 F.3d 919, 931 n.6 (9th Cir. 2007). If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate "a legitimate, nondiscriminatory reason for the adverse employment action." *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 849 (9th Cir. 2004). If the employer articulates a legitimate reason for its action, the plaintiff must then show that the reason given is pretextual. *See Pottenger v. Potlatch Corp.*, 329 F.3d 740, 746 (9th Cir. 2003). "[A] plaintiff can prove pretext either (1) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Lyons v. England*, 307 F.3d 1092, 1113 (9th Cir. 2002) (internal quotation marks omitted).

(1973); *see, e.g. Edgar*, 443 F.3d at 508; *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1135 (10th Cir. 2003); *Strickland*, 239 F.3d at 1207; *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 160 (1st Cir. 1998). As noted earlier, at trial Sanders did not pursue a discrimination or retaliation claim under the FMLA, but we note this burden shifting scheme as a point of reference for the approach we have adopted for evaluating an interference claim.

**[2]** Under § 2615(a)(1), it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" the substantive rights guaranteed by FMLA. 29 U.S.C. § 2615(a)(1). When a party alleges a violation of § 2615(a)(1), it is known as an "interference" or "entitlement" claim. *Bachelder*, 259 F.3d at 1124; *see also, e.g.*, *Edgar*, 443 F.3d at 507; *Smith*, 298 F.3d at 960; *Strickland*, 239 F.3d at 1207. In this circuit, we have declined to apply the type of burden shifting framework recognized in *McDonnell Douglas* to FMLA "interference" claims; rather, "[an employee] can prove this claim, as one might any ordinary statutory claim, by using either direct or circumstantial evidence, or both." *Bachelder*, 259 F.3d at 1125; *see Xin Liu*, 347 F.3d at 1136 ("While other circuits have applied the *McDonnell Douglas* framework to FMLA termination [interference] cases, this Circuit . . . explicitly declined to apply this framework [to interference claims].").

"The right to reinstatement guaranteed by 29 U.S.C. § 2614(a)(1) is the linchpin of the entitlement theory because 'the FMLA does not provide leave for leave's sake, but instead provides leave with an expectation that an employee will return to work after the leave ends.' " *Edgar*, 443 F.3d at 507 (alteration omitted) (quoting *Throneberry v. McGehee Desha Cnty. Hosp.*, 403 F.3d 972, 978 (8th Cir. 2005)). Thus, evidence that an employer failed to reinstate an employee who was out on FMLA leave to her original (or an equivalent) position establishes a prima facie denial of the employee's

FMLA rights. *See* 29 C.F.R. § 825.220(b) (2008)[4] (explaining that any violation of the FMLA constitutes interference with rights under the FMLA); *cf. Xin Liu*, 347 F.3d at 1135 ("A violation of the FMLA simply requires that the employer deny the employee's entitlement to FMLA leave." (citing 29 C.F.R. § 825.220(a)(1), (b)). The Sixth and Seventh Circuits have ably summarized the elements of an employee's prima facie case where the employer fails to reinstate the employee: "the employee must establish that: (1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006) (citing *Hoge v. Honda Am. Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004)). We agree with this approach. In interference claims, the employer's intent is irrelevant to a determination of liability. *See Xin Liu*, 347 F.3d at 1135; *Bachelder*, 259 F.3d at 1130; *Edgar*, 443 F.3d at 507 ("The employer's intent is not a relevant part of the entitlement inquiry under § 2615."); *see also Colburn v. Parker Hannifin/Nichols Portland Div.*, 429 F.3d 325, 332 (1st Cir. 2005) ("[E]mployer motive plays no role in a claim for substantive denial of benefits."); *Smith*, 298 F.3d at 960 ("If an employer interferes with the FMLA-created right to medical leave or to reinstatement following the leave, a deprivation of this right is a violation regardless of the employer's intent."); *see also Strickland*, 239 F.3d at 1208; *Hodgens*, 144 F.3d at 159.

Although the FMLA created a statutory right to reinstatement after taking FMLA leave, this right is not without limits.

---

[4]The Department of Labor amended the FMLA implementing regulations, effective January 16, 2009. Although the regulations in effect at the time of the events in this case have since been amended, the regulations discussed in this opinion are virtually unchanged in substance. *Compare* 29 C.F.R. §§ 825.214, 825.216, 825.312 (2008) *with* 29 C.F.R. § 825.216 (2009). Because the events in this case took place prior to the effective date of the amendments, all citations are to the 2008 FMLA regulations.

The FMLA is clear on this point: "Nothing in this section shall be construed to entitle any restored employee to . . . any right, benefit, or position of employment other than any right, benefit or position to which the employee would have been entitled had the employee not taken the leave." 29 U.S.C. § 2614(a)(3)(B). The Department of Labor ("DOL") has interpreted this part of the statute in various regulations that set forth the limitations on an employee's right to reinstatement.[5] *See, e.g.*, 29 C.F.R. §§ 825.214(b), 825.216(c), (d), 825.312. All the circuits that have considered the issue have relied on DOL regulations to hold that the FMLA provides an employee with only a limited right to reinstatement. *See, e.g.*, *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 547 (4th Cir. 2006); *Edgar*, 443 F.3d at 507-08; *Throneberry*, 403 F.3d at 977; *Smith*, 298 F.3d at 960-61; *Strickland*, 239 F.3d at 1208; *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1018 (7th Cir. 2000). The circuits disagree, however, about which party must carry the burden of proof when an employer defends against a denial of reinstatement by asserting one of the limitations set forth in DOL regulations.

Here, Sanders argues that the court's FMLA jury instruction improperly placed the burden on her to prove that she was denied reinstatement without cause and that by adopting a reasonable cause requirement, the court incorrectly stated the elements of her FMLA claim. We address these issues below and conclude that under *Bachelder* and *Xin Liu*, the FMLA and DOL implementing regulations, the court's instruction was erroneous. We further conclude that the error was not harmless.

---

[5]Congress authorized DOL to issue implementing regulations for the FMLA. *See* 29 U.S.C. § 2654. "These regulations are entitled to deference under *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-44 [ ] (1984)." *Xin Liu*, 347 F.3d at 1133 (citing *Bachelder*, 259 F.3d at 1123 n.9).

### B.   The District Court's Instructions were Erroneous

**[3]** The district court's jury instruction placed the burden of proof on Sanders to establish that the City had no reasonable cause for failing to reinstate her. On appeal, Sanders argues that, contrary to the district court's instruction, the burden of proof should have been placed on the City.[6] This is an issue of first impression in this court. Although the issue was raised in *Gambini v. Total Renal Care, Inc.*, 486 F.3d 1087 (9th Cir. 2007), we have not directly addressed which party bears the ultimate burden of proof when an employer alleges that he had a legitimate reason not to reinstate an employee. In *Gambini*, the plaintiff appealed the denial of her FMLA interference claim alleging that the jury instructions misstated the law regarding which party had the burden of proving whether the employer would have terminated the employee had the employee not taken FMLA leave. *Id.* at 1097. We found that we did not need to decide the issue because the defendant offered "uncontradicted evidence that [the employer] terminated Gambini for conduct unrelated to her FMLA leave." *Id.* As the issue remains unresolved, we must determine which party carries the burden of proof when an employer defends against an interference claim.

**[4]** The key regulation at issue in this case is 29 C.F.R. § 825.214. That regulation addresses an employee's right to return to work following FMLA leave. Subsection (a) provides that "[o]n return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position . . . ." *Id.* Subsection (b) further provides that "[i]f the employee is

---

[6]The City argues that Sanders failed to preserve any objection to the court's FMLA instruction, but the extensive discussion quoted above in Part I clearly shows that Sanders complied with Federal Rule of Civil Procedure 51 by objecting at the time of trial "on grounds that were sufficiently precise to alert the district court to the specific nature of the defect." *Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1015 (9th Cir. 2007) (internal quotation marks omitted); *see* Fed. R. Civ. P. 51(c).

unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA." *Id.* Although the text of § 825.214(b) is ambiguous with respect to the parties' respective burdens, it is clear from other regulations that the burden rests with the employer to establish whether the employee can perform the essential functions of the job. Section 825.312(d) provides: "An *employer* must be able to show, when an employee requests restoration, that the employee would not otherwise have been employed if leave had not been taken in order to deny restoration to employment." 29 C.F.R. § 825.312(d) (emphasis added) (titled "Under what circumstances may a covered employer refuse to provide FMLA leave or reinstatement to eligible employees?"). Section 825.216(a) is to the same effect, and provides that "[a]n employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment." Thus, the plain language of the pertinent DOL regulations provides that the burden is on the employer to show that he had a legitimate reason to deny an employee reinstatement.

The majority of the circuits that have considered this issue agree with this textual reading.[7] The Eighth, Tenth and Eleventh Circuits, relying on the plain text of 29 C.F.R. § 825.216(a), have all held "that the regulation validly shifts to the employer the burden of proving that an employee . . . would have been dismissed regardless of the employee's request for, or taking of, FMLA leave." *Smith*, 298 F.3d at 963; *see Throneberry*, 403 F.3d at 979; *Strickland*, 239 F.3d at 1208. That approach is also consistent with the Supreme

---

[7]The Seventh Circuit, over a dissent, relying on its previous case law interpreting the statute rather than the plain text of the regulations, has held that the burden of proof remains with the employee. *Rice*, 209 F.3d at 1018.

Court's admonition that the burden of proof should "conform with a party's superior access to the proof." *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 359 n.45 (1977).

**[5]** We agree with the Tenth Circuit that this is the "more natural" reading of the text of 29 C.F.R. § 825.214(b); *Smith*, 298 F.3d at 963. Moreover, this interpretation follows the analysis set forth in *Bachelder* and *Xin Liu*, both of which rejected the *McDonnell Douglas* burden-shifting framework in analyzing FMLA interference claims. *Xin Liu*, 347 F.3d at 1136; *Bachelder*, 259 F.3d at 1125. In light of the text of the pertinent DOL regulations, we conclude that when an employer seeks to establish that he has a legitimate reason to deny an employee reinstatement, the burden of proof on that issue rests with the employer. Thus, for example, if an employer denies an employee reinstatement on the ground that the employee cannot perform the essential functions of the employee's position, the burden of proof rests with the employer, not the employee. The district court's contrary instruction to the jury was therefore erroneous.

**[6]** Further, as noted above, the FMLA requires that an employer reinstate an employee after taking such leave, so long as the employee would still be employed in the position had she not taken FMLA leave. 29 U.S.C. § 2614(a)(1)(A), (a)(3)(B). The text of § 2614(a)(3) does not allow an employer to interfere with an employee's right to reinstatement for "reasonable cause." Moreover, the DOL regulations interpreting the "limitations on an employer's obligation to reinstate an employee" include no reference to a "reasonable cause" standard. *See, e.g.*, 29 C.F.R. § 825.216. Here, the court's instruction required Sanders to prove that the City did not have "reasonable cause" to deny her reinstatement. This was error. The five elements of a prima facie right-to-reinstatement claim, discussed above, only require an employee to prove that she was entitled to FMLA benefits and that "h[er] employer denied h[er] FMLA benefits to which [s]he was entitled." *Burnett*, 472 F.3d at 477. By adding a rea-

sonable cause requirement as an element of Sanders's reinstatement claim, the court's instruction permitted the jury to assess the City's overall response to Sanders's complaints rather than directing the jury to consider the specific reasons under DOL regulations why the City refused to reinstate Sanders to her former position after taking FMLA leave. This approach is contrary to the FMLA and DOL regulatory scheme discussed above. Thus, the court's FMLA instruction was erroneous because it required Sanders to disprove that the City had reasonable cause not to reinstate her after taking FMLA leave.

## C. The District Court's Erroneous Jury Instruction was not Harmless

[7] " 'An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless.' " *Dang v. Cross*, 422 F.3d 800, 811 (9th Cir. 2005) (quoting *Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992)). "We presume prejudice where civil trial error is concerned and the burden shifts to the defendant to demonstrate that it is more probable than not that the jury would have reached the same verdict had it been properly instructed." *Id.* (internal citations and alterations omitted). Because the City has not met its burden, we conclude that the error was not harmless.

[8] "[W]hen 'the trial court erroneously add[s] an extra element to [the plaintiff's] burden of proof,' it is 'unlikely that the error w[ill] be harmless.' " *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (quoting *Caballero*, 956 F.2d at 207). Here, the district court not only read "reasonable cause" into the FMLA and the statutory regulations, but also put the burden on Sanders to disprove the existence of "reasonable cause." The district court's misstatement of the law thus added an extra element to Sanders's burden of proof.

"Prejudice is also generally more likely than not if 'nothing about th[e jury's] verdict indicates that the result would have

been the same without the error.' " *Clem*, 566 F.3d at 1182 (quoting *Caballero*, 956 F.2d at 207); *see also Gambini*, 486 F.3d at 1093 ("In reviewing a civil jury instruction for harmless error, the prevailing party is not entitled to have disputed factual questions resolved in his favor because the jury's verdict may have resulted from a misapprehension of law rather than from factual determinations in favor of the prevailing party." (quoting *Swinton v. Potomac Corp.*, 270 F.3d 794, 805-06 (9th Cir. 2001))). In *Clem*, the jury instructions failed to properly explain the term "deliberately indifferent" when setting out the elements of an Eighth Amendment violation under 42 U.S.C. § 1983. *Clem*, 566 F.3d at 1183. Specifically, the jury was erroneously instructed that the defendant needed to "act" in order to find that he was deliberately indifferent, even though defendant's "failure to act" would also suffice. *Id.* at 1181. We held that it was impossible to determine whether the error was harmless because the jury was only asked to answer the question—was the defendant deliberately indifferent—to which the jury answered "No." *Id.* at 1183.

Similarly, as noted above, the verdict form here contained the following question regarding Sanders's FMLA claim: "Did the plaintiff prove by a preponderance of the evidence that the defendant, *without reasonable cause*, failed to reinstate her after she took family medical leave?" (Emphasis added.) The jury's answer to this question was "No." The judge did not give any instructions regarding the meaning of "reasonable cause." In light of the question the jury was asked to answer, it is not clear whether the jury would have found for or against Sanders if the jurors had not been instructed to consider whether the City acted without "reasonable cause."

The City additionally argues that any error in the FMLA jury instruction was harmless because it had met its burden of proof to demonstrate that Sanders was unable to perform the essential functions of her job. The City contends that its evidence at trial showed that it refused to reinstate Sanders following her FMLA leave, "because it could not provide a safe

workplace for her in light of her physician's requirements and statements about plaintiff's multiple chemical sensitivity." Although the City failed to assert any regulatory exception in the district court, we construe its argument as implicitly invoking this defense. The City thus argues that any error in the jury instruction was harmless, because it satisfied its burden of proof for the exception to reinstatement set forth in 29 C.F.R. § 825.214(b).

"Determining what functions are 'essential' to a particular position is a question of fact." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1005 (6th Cir. 2005). Because an employee's inability to complete the essential functions of her job is a legitimate reason to deny reinstatement, the DOL regulations list (and limit) the details that an employer may require in a medical certification prior to reinstatement, assuming the employer regularly requires such certification of its employees after FMLA leave. 29 C.F.R. § 825.306; *see also* 29 C.F.R. §§ 825.307, 825.310, 825.311. Therefore, we consider the court's jury instruction, the question posed in the verdict form, and the evidence presented to the jury, to determine if the jury found that Sanders could not perform the essential functions of her position.

As discussed earlier, because the court improperly instructed the jury on the issue of reasonable cause, the jury instruction and verdict form are unhelpful in determining whether the jury found that Sanders could perform the essential functions of her position. The evidentiary record is also unhelpful because the City did not explicitly raise the regulatory exception, thus neither party had an opportunity to put forth evidence as to whether Sanders could perform the essential functions of her position. Indeed, the City never even submitted any evidence describing the "essential functions" of Sanders's job. Thus, neither the jury's verdict nor the evidentiary record permits us to determine whether the City carried its burden to prove that it had a legitimate reason for failing to reinstate Sanders. As we cannot determine if the City met

its burden of proof under 29 C.F.R. § 825.214(b), we cannot hold that the erroneous jury instruction regarding "reasonable cause" was harmless.

[9] In sum, the district court's error in instructing the jury was not harmless, because it added an unnecessary element to Sanders's burden of proving her FMLA reinstatement claim, and it is impossible to determine from the jury's verdict and evidentiary record that the jury would have reached the same result had it been properly instructed.

### D.   The Erroneous FMLA Jury Instruction Undermines Any Determination of the Oregon State Law Claim

The Oregon Family Leave Act, Or. Rev. Stat. §§ 659A.150-186, is to "be construed to the extent possible in a manner that is consistent with any similar provisions of the federal Family and Medical Leave Act of 1993." Or. Rev. Stat. § 659A.186(2) (2009). Consistent with this legislative declared intent, the Oregon courts have looked to federal law when interpreting OFLA. *See Yeager v. Providence Health Sys. Or.*, 96 P.3d 862, 866 (Or. Ct. App. 2004); *Centennial Sch. Dist. No. 28J v. Or. Bureau of Labor & Indus.*, 10 P.3d 945, 951-52 (Or. Ct. App. 2000). Similar to the reinstatement rights under FMLA, 29 U.S.C. § 2614(a)(1), OFLA also provides for reinstatement of an employee who has taken OFLA leave. *See* Or. Rev. Stat. § 659A.171, *see also* Or. Admin. R. § 839-009-0270(1). In light of these similar statutory and regulatory provisions, the district court properly applied the same legal standards under FMLA to Sanders's OFLA claim.[8] As

---

[8]The City argues that Sanders may not maintain a "failure to reinstate" claim under OFLA. The district court, relying on Or. Rev. Stat. section 659A.171(1), *Yeager*, 196 P.3d 862, and Or. Admin. R. section 839-009-0270, rejected that argument. Because we conclude that the district court's judgment on this claim must be reversed for the reasons explained in the text, we need not address this issue.

explained above, however, the district court misinterpreted the FMLA when it required Sanders to prove that the City's failure to reinstate her was without reasonable cause.[9]

**[10]** In a case like this one, where legal claims tried by the jury and equitable claims tried by the court are "based on the same set of facts, the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations." *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 507 (9th Cir. 1989). Because of the error in the court's FMLA jury instruction and verdict form, we cannot determine what factual findings the jury might have made with regard to Sanders's FMLA claim. Because the jury was not properly instructed, it is impossible to determine the factual basis for the jury's verdict and whether the district court violated the Seventh Amendment in granting Sanders relief under OFLA. Indeed, in explaining why it reached a different result on Sanders's OFLA claim, the district court relied on the erroneous "reasonable cause" standard that forms the basis for the reversible error in the FMLA claim. Therefore, the district court's judgment for Sanders on her OFLA claim must be vacated and reconsidered after retrial of Sanders's FMLA claim.

## III.   Conclusion

For all of the above reasons, we conclude that the district court erred in its formulation of the FMLA jury instruction and that this error was prejudicial. We thus vacate the judgment on the jury's verdict and remand the case for a new trial. Because the district court also used an incorrect legal standard in evaluating Sanders's OFLA claim, and the claim is dependent on facts found by the jury, we also vacate the district court's judgment in favor of Sanders, with instructions that

---

[9]Notably, the relevant OFLA provisions do not contain a "reasonable cause" element. *See* Or. Rev. Stat. §§ 659A.171, 659A.183(2), 659A.186(2).

the district court reconsider Sanders's OFLA claim after the retrial of the FMLA claim. Because Sanders is no longer the prevailing party on her OFLA claim, an award of attorney's fees and costs is premature. We therefore vacate the order granting attorney's fees and costs to Sanders.

VACATED and REMANDED.

The parties shall bear their own costs on appeal.