FILED

**NOT FOR PUBLICATION**

DEC 05 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIKE WELLINGTON, | No. 10-36176 |
| Plaintiff - Appellant, | D.C. No. 6:09-cv-06063-AA |
| v. | |
| LANE COUNTY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted November 16, 2011
Portland, Oregon

Before: FISHER, PAEZ, and CLIFTON, Circuit Judges.

Mike Wellington ("Wellington") appeals the district court's order granting

summary judgment to Lane County, Robert Rockstroh ("Rockstroh"), and William

Fleenor ("Fleenor") on his claims for deprivation of a protected liberty interest in

violation of the Fourteenth Amendment, failure to reinstate in violation of the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Family Medical Leave Act ("FMLA") and Oregon Family Leave Act ("OFLA"), and discrimination in violation of the Americans with Disabilities Act ("ADA") and Oregon disability discrimination law. We affirm the district court's summary judgment on Wellington's § 1983 claim, and vacate and remand with respect to the remaining claims.

The district court properly concluded that Fleenor, Rockstroh, and Lane County were entitled to summary judgment on Wellington's § 1983 claim. A liberty interest is implicated only if a contested public disclosure impugns an individual's reputation for honesty or morality. *Guzman v. Shewry*, 552 F.3d 941, 955 (9th Cir. 2009). Even assuming the statements made by Fleenor and Rockstroh were inaccurate or disclosed to the public, such pronouncements did not give rise to a protected liberty interest because they could not be reasonably construed as involving charges of dishonesty or moral turpitude. *FDIC v. Henderson*, 940 F.2d 465, 477 (9th Cir. 1991). To the extent Wellington continues to assert this claim against Lane County on appeal, his claim fails because he did not identify a policy or custom that resulted in any injury to his reputation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

The district court erred in granting summary judgment on Wellington's FMLA and OFLA interference claims on the basis that he failed to show that any

2

adverse employment action was motivated by the exercise of his statutory rights. We recently explained that an employer's intent is not relevant to a determination of liability for purposes of FMLA, and consequently OFLA, interference claims. *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011); *see also* Or. Rev. Stat. § 659A.186(2) (OFLA "shall be construed to the extent possible in a manner that is consistent with any similar provisions of" FMLA).

Moreover, triable issues preclude the entry of summary judgment on Wellington's FMLA and OFLA claims.[1] Genuine issues of material fact exist as to whether he returned to the same, or an equivalent, position. Although Wellington retained the same pay, benefits, and job title, Lane County reassigned him to a different work location, eliminated his supervisory authority, and modified his managerial responsibilities. *See* 29 C.F.R. § 825.215(a). Genuine issues of material fact also exist as to whether Lane County would have reduced Wellington's job responsibilities and ultimately terminated his employment regardless of whether he took protected leave, particularly in light of the temporal proximity between his return from medical leave and these alleged adverse employment actions. *See* 29 C.F.R. § 825.216(a); Or. Rev. Stat. § 659A.171(1);

---

[1] Wellington does not challenge the district court's summary judgment dismissal of his OFLA retaliation claim on appeal.

3

*see also Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 507 (9th Cir. 2000).

We also disagree with the district court's conclusion that Wellington failed to establish a *prima facie* case of disability discrimination under the ADA or its state law counterpart because he did not present evidence of discrimination on the basis of disability. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (identifying the elements of a *prima facie* case under the ADA). We have recognized that a plaintiff's burden at the *prima facie* stage is not onerous, *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1158 (9th Cir. 2010), and the necessary evidence is minimal, *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000). Although Wellington did not disclose his precise medical condition, Lane County was aware that he had taken leave to undergo serious medical treatment. Drawing all permissible inferences in Wellington's favor, a reasonable jury could conclude that the Lane County Human Resources director's concern about Wellington's health and well-being impacted the ensuing employment actions taken by Lane County – specifically, modifications in his job responsibilities and then his termination.

Wellington has also raised genuine issues of material fact as to whether Lane County's explanation for its employment actions – mainly, staff dissatisfaction,

4

potential workplace disruption, and budget constraints – were merely a pretext for discrimination. *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001). The County officials' knowledge that Wellington's health necessitated significant medical treatment, the Human Resources director's statements and inquiries regarding Wellington's health, and the temporal proximity between his return from receiving medical treatment and the employment actions taken by Lane County preclude summary judgment on Wellington's ADA and Oregon disability discrimination claims.

**AFFIRMED in part, VACATED in part and REMANDED. Wellington shall recover his costs on appeal.**