**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FANNY K.F. TSUN, | No. 13-15645 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00051-LEK-KSC |
| v. | |
| WDI INTERNATIONAL, INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted October 8, 2014[**]
University of Hawaii William S. Richardson School of Law
Honolulu, Hawaii

Before: TASHIMA, RAWLINSON, and CLIFTON, Circuit Judges.

Fanny K.F. Tsun appeals the district court's order granting summary

judgment in favor of WDI International, Inc. on her claims under the Hawaii

Family Leave law (HFLL) and the Family Medical Leave Act of 1993 (FMLA).

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Tsun's requested leave under the HFLL could only be premised on her father-in-law's "serious health condition." Haw. Admin. C. § 12-27-1 (defining "serious health condition" and "parent" to include "parent-in-law"); Haw. Admin. C. § 12-27-6(f) (HFLL protected leave "shall not include the serious health condition of the employee"). However, once her father-in-law passed away, she no longer had a qualifying reason to request leave under the HFLL. *See* Haw. Rev. Stat. § 398-1 ("Serious health condition" means "a physical or mental condition that warrants the participation of the employee to provide care during the period of treatment or supervision by a health care provider . . .").

Tsun's claim for leave under the FMLA was predicated on her statement that she injured her back while in Hong Kong. To qualify for leave under the FMLA, Tsun had to experience a "serious health condition." 29 U.S.C. § 2612, *found unconstitutional on other grounds in Coleman v. Ct. App. Md.*, 132 S. Ct. 1327 (2012). A "serious health condition" is defined as "an illness, injury, impairment or physical or mental condition that involves . . . continuing treatment by a health care provider . . . " 29 U.S.C. § 2611(11). In turn, a "health care provider" is defined as:

> (1) A doctor of medicine or osteopathy who is authorized to practice medicine or surgery (as appropriate) by the State in which the doctor practices; or

(2) Any other person determined by the Secretary to be capable of providing health care services.

29 C.F.R. § 825.125(a).

Other persons capable of providing health care services in a country outside the United States include only those "authorized to practice in accordance with the law of that country, and who is performing within the scope of his or her practice as defined under such law." *Id.* at § 825.125(b)(5).

Tsun failed to raise a material issue of fact that she was being treated by a health care provider as defined in the FMLA. She proffered evidence that she was treated in Hong Kong by "a licensed bone specialist [who] also practiced Chinese medicine." The treatment consisted of a "special type of ointment" and a back massage. No evidence was submitted that the "Chinese doctor," was a health care provider as defined under the FMLA. Tsun failed to raise a material issue of fact that she was treated by a health care provider as defined in the FMLA, thereby failing to raise a material issue of fact that she suffered from a "serious health condition" that qualified her for FMLA leave. 29 U.S.C. § 2612; 29 U.S.C. § 2611(11); 29 C.F.R. § 825.125(a); *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011) (holding that a viable FMLA claim requires a showing that the employee was entitled to leave).

**AFFIRMED.**