**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY SHELTON, | No. 15-35070 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00234-TSZ |
| v. | MEMORANDUM[*] |
| THE BOEING COMPANY, a Delaware corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted July 14, 2017
Seattle, Washington

Before: FARRIS, MURPHY,[**] and NGUYEN, Circuit Judges.

Anthony Shelton appeals the district court's denial of his motion for partial

summary judgment and grant of summary judgment in favor of Boeing on his

Washington State Family Leave Act ("WFLA") interference claim. Boeing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

terminated Shelton under its progressive discipline policy after he received three corrective action memos ("CAMs") in the same infraction category. Boeing administered the first two CAMs for Shelton's refusal to comply with his manager's instructions to notify her before any absence; some of these absences were covered by the federal Family and Medical Leave Act ("FMLA"). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). We affirm.

The WFLA is patterned on and construed in accordance with the FMLA. Wash. Rev. Code § 49.78.410. The FMLA entitles employees to a certain amount of leave for protected medical reasons. *Sanders v. City of Newport*, 657 F.3d 772, 777 (9th Cir. 2011). Employers may not "interfere with, restrain, or deny" the exercise of this right. 29 U.S.C. § 2615(a)(1); Wash. Rev. Code § 49.78.300(a). To demonstrate interference, the plaintiff must show by a preponderance of the evidence that his taking of FMLA leave was a "negative factor" in his employer's decision to deny him FMLA leave or take an adverse employment action against him. *See Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001). An employee must comply with the employer's usual and customary policies for requesting leave, absent unusual circumstances. 29 C.F.R. § 825.303(c).

In this case, the district court did not err in granting summary judgment for Boeing because no reasonable jury could find that Shelton's FMLA leave was a negative factor in his termination. Boeing submitted evidence showing that it administered the first two CAMs to Shelton because he refused to comply with his manager's instructions to contact her directly before taking any absence, not because he exercised his right to FMLA leave. And, Shelton provided no additional evidence that could possibly establish that the nature of his FMLA leave was a negative factor, or even a factor at all, in Boeing's decision to discipline him. *Cf. Throneberry v. McGehee Desha Cty. Hosp.*, 403 F.3d 972, 980 (8th Cir. 2005) (an employer may discipline an employee for misconduct associated with FMLA leave if it would have imposed the same discipline if the employee had taken a different form of leave).

Furthermore, Shelton fails to establish that he complied with Boeing's usual and customary policy for requesting leave. The Shared Accountability section of the Leaves of Absence Policy Handbook ("LOA Handbook") explains that "employees needing to take *any absence* should always speak to their manager"; the appendix of the LOA Handbook says managers must be contacted in the event of FMLA absences; and the Puget Sound Attendance Guidelines explain that "unscheduled absences must be *reported to the employee's organization* on or before the day that the absence occurs." (Emphasis added). To the extent that the

3

written policies may be inconsistent with the LOA Handbook's FMLA policies in Section 7, there is no question that Shelton knew he needed to report his absences to his manager. He was reminded on multiple occasions. Nothing in the FMLA prohibits an employer from disciplining an employee for noncompliance with the company's usual and customary attendance policies. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 878 (10th Cir. 2004).

Additionally, no unusual circumstances justified Shelton's noncompliance. He failed to proffer evidence that anything outside his control prevented him from following the policy, or that he was reasonable in disregarding his manager's clear and repeated instructions to notify her before any absence. *See* 29 C.F.R. § 825.302(d).

Finally, there is no merit to Shelton's argument that 29 C.F.R. § 825.304(e) mandates that an employer that grants FMLA leave automatically waives its ability to discipline an employee for refusal to comply with attendance policies. Shelton cites no authority to support this interpretation.

**AFFIRMED.**

4