NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAUL REIF, An Individual,

Plaintiff-Appellant,

v.

SHAMROCK FOODS COMPANY, An Arizona Corporation and DOES, 1 to 100, inclusive,

Defendants-Appellees.

No. 16-55620

D.C. No. 5:15-cv-00636-VAP-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted March 5, 2018
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and CHRISTENSEN,[**] Chief District Judge.

Plaintiff-Appellant Paul Reif ("Reif") appeals the district court's order

granting Defendant Shamrock Foods Company, Inc., et al.'s ("Shamrock") motion

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

for summary judgment. Reif argues that there were triable issues on all claims. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The district court did not err in granting summary judgment for Shamrock. Under California law, in order to establish a prima facie case for Family Medical Leave Act (FMLA) interference, a plaintiff must show that: "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014) (quoting *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011)); *see also Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1136 (9th Cir. 2003).[1] While there is a temporal relationship between Reif's termination and his claim for FMLA-protected leave, Shamrock made the decision to terminate Reif before Reif invoked his FMLA rights. Therefore, Shamrock's decision to terminate could not have been influenced by Reif's FMLA request, and Reif has failed to raise a genuine issue of material fact on these claims.

The district court also properly granted summary judgment on Reif's

---

[1] Federal cases addressing FMLA claims are instructive in interpreting California Family Rights Act ("CFRA") claims because the statutory schemes are similar. Thus, Reif's CFRA claim is analyzed by us using the same principles. *Avila v. Cont'l Airlines, Inc.*, 82 Cal. Rptr. 3d 440, 454–55 (Cal. Ct. App. 2008), *as modified on denial of reh'g* (Aug. 28, 2008); *see also* Cal. Gov. Code § 12945.2.

retaliation claim under Section 1102.5 of the California Labor Code because Reif failed to raise a genuine dispute of material fact as to whether he had engaged in protected activity. *See Mokler v. Cty. of Orange*, 138, 68 Cal. Rptr. 3d 568, 580 (Cal. Ct. App. 2007).

Reif's wrongful discharge in violation of public policy claim premised on Shamrock's alleged violations of the FMLA, CFRA, California Labor Code § 1102.5 fails as well. Reif has not established that a predicate violation of the law occurred. *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 178 (Cal. 1980).

Next, the district court properly found that Reif's claims for intentional infliction of emotional distress were preempted by California workers' compensation remedy. *Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876, 903 (Cal. 2008).

Summary judgment was also properly granted in favor of Shamrock regarding Reif's claims under California Labor Code §§ 201, 224, and 226 because the district court properly found that Shamrock correctly paid Reif when it issued his final paycheck. *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1128 (N.D. Cal. 2014) (citing *Reinhardt v. Gemini Motor Transp.*, 879 F. Supp. 2d 1138, 1141 (E.D. Cal. 2012)).

Finally, the district court properly granted summary judgment for Shamrock on Reif's California Labor Code § 2802(a) claim because Reif did not present an

issue of material fact that Shamrock's monthly vehicle stipend was insufficient to cover insurance for his personal vehicle. *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 575 (Cal. 2007).

**AFFIRMED.**