**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEN EAU CLAIRE, | No.   17-35158 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00084-EJL-CWD |
| v. | |
| HOME DEPOT USA, INC. and THD AT-HOME SERVICES, INC., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| DOES, 1-10, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted June 6, 2018
Portland, Oregon

Before:  M. SMITH and MURGUIA, Circuit Judges, and KORMAN,** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Plaintiff-Appellant Ken Eau Claire appeals from the district court's grant of summary judgment to Defendants-Appellees Home Depot U.S.A., Inc. (Home Depot) and THD At-Home Services, Inc. (THD) on his claims that Home Depot and THD jointly interfered with his rights under the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601–2654. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Eau Claire bore the burden to "prove by a preponderance of the evidence that [his] taking of FMLA-protected leave constituted a negative factor in the decision to terminate [him]." *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001). He has not shown that a genuine issue of material fact exists. He acknowledged that his unilateral cancellation of a month of appointments contravened his employer's principles of customer service, and he had three warnings about his job performance prior to his leave. The district court did not err in granting summary judgment on this claim.

2. Eau Claire bore the burden to establish a prima facie case that his employer failed to reinstate him to his original or an equivalent position after he returned from leave. *See Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011). Upon Eau Claire's return from leave, he was reinstated to a position that "involve[d] the same or substantially similar duties and responsibilities" as his pre-leave position. 29 C.F.R. § 825.215(a). Eau Claire's restricted computer access

2

did not render his position substantially dissimilar from before. Eau Claire had no sales consultants working for him immediately before or after his leave, and so his restricted computer access amounted to a functionally immaterial change. The district court did not err in granting summary judgment on this claim.

3. Finally, Eau Claire has not shown a genuine issue of material fact precluding the district court's conclusion that Home Depot and THD were not his joint employers under the FMLA. Eau Claire has not proffered evidence satisfying the factors for FMLA joint employer liability set forth in *Moreau v. Air France*, 356 F.3d 942 (9th Cir. 2004). Summary judgment was therefore proper.

AFFIRMED.