NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RANA WILKINSON,

Plaintiff-Appellant,

v.

COUNTY OF PIERCE,

Defendant-Appellee.

No. 21-35357

D.C. No. 3:19-cv-05533-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted February 11, 2022[**]
Seattle, Washington

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

Rana Wilkinson ("Appellant") resigned from her job as a maintenance technician for Pierce County, Washington ("Appellee") after she returned from medical leave. Appellant claims her resignation was actually the result of a "constructive discharge" by her employer's actions in assigning her temporary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

vehicle-washing work at a different facility than the one to which she typically reported. Appellant brought four claims against Appellee: (1) violation of the Family Medical Leave Act ("FMLA") under 29 U.S.C. § 2601, et seq., (2) violation of the Washington Family Leave Act ("WFLA") under Revised Code of Washington ("RCW") § 49.78.300 (repealed and retitled under RCW § 50A), (3) wrongful termination in violation of public policy for violating the WFLA, and (4) retaliatory firing in violation of the Washington Industrial Safety and Health Act under RCW 49.17.160. The district court granted summary judgment for Appellee on all four claims. We have jurisdiction under 28 U.S.C. § 1291, review de novo, *Bailey v. Sw. Gas Co.*, 275 F.3d 1181, 1185 (9th Cir. 2002), and affirm.

As the parties are familiar with the facts, we do not recite them here, save as context requires.

### 1. The FMLA Claim

The FMLA established an employee's right to return to the employee's previous position or an equivalent position after using approved medical leave. *Sanders v. City of Newport*, 657 F.3d 772, 777 (9th Cir. 2011). "If an employee is no longer qualified for the position because of the employee's inability to attend a necessary course, renew a license, fly a minimum number of hours, etc., as a result of the leave, the employee shall be given a reasonable opportunity to fulfill those conditions upon return to work." 29 C.F.R. § 825.215(b).

Upon her return from medical leave, Appellant was restored to her previous job title and retained the same pay and benefits. Appellant's commercial driver's license was suspended, not because she took medical leave, but because federal and county regulations require commercial drivers to participate in a program of random drug tests, and Appellant had been out of the random drug testing pool for more than thirty days during her medical leave. 49 C.F.R. § 382.301. Thus, she was temporarily assigned to wash vehicles at the Spanaway facility, a task within her job description, until she achieved a negative drug test. The process for receiving a drug test result would have taken between three days and a week.[1]

Viewing the facts in the light most favorable to Appellant, no reasonable jury could find a violation of the FMLA where an employee, at the same rate of pay and with the same job title, was ordered to perform duties within her job description, for three to seven days until she was qualified to resume other duties requiring the use of a commercial driver's license. Thus, summary judgment was proper.

## 2. The WFLA Claim

---

[1] Appellant's argument that her assignment to wash vehicles at Spanaway was pretextual because washing vehicles would have required her to drive them is unavailing, as "arguments in briefs are not evidence," *Comstock v. Humphries*, 786 F.3d 701, 709 (9th Cir. 2015), and Appellant did not testify or produce any other evidence that would tend to prove that washing vehicles would have required her to drive them.

The WFLA mirrors the FMLA, with an additional provision that requires the employer to restore the employee to a workplace within twenty miles of the employee's prior workplace. RCW § 49.78.280.[2] Appellant had been required to report to the Spanaway facility before her medical leave. Thus, by assigning her to report temporarily to the same facility after her return from leave, Appellee did not violate the WFLA, and summary judgment was proper.

### 3. The Wrongful Termination in Violation of Public Policy Claim

A claim for wrongful termination in violation of public policy contains a causation element which requires the employee to prove that the employee was terminated *because* the employee engaged in protected conduct. *Lee v. Rite Aid Corp.*, 917 F. Supp. 2d 1168, 1175 (E.D. Wash. 2013). Appellant pleaded that she was constructively discharged because she took WFLA leave. However, assuming *arguendo* that Appellant was constructively discharged, at summary judgment and on appeal, Appellant did not argue or provide evidence of the existence of a causal relationship between her WFLA leave and her assignment to wash vehicles at the

---

[2] The Washington legislature repealed this requirement effective December 31, 2019. The requirement is applicable in Appellant's case, however, because she filed her complaint in 2018.

Spanaway facility.[3] Thus, she cannot satisfy the causation element of her claim, and summary judgment was proper.

### 4. The Retaliatory Firing Claim

Appellant concedes that because she did not file her complaint within thirty days of her resignation, as required by statute, this claim fails as a matter of law. RCW § 49.17.160(2).

**AFFIRMED.**

---

[3] Instead, Appellant argued that she was harassed and subjected to intolerable working conditions, and therefore constructively discharged, for reporting safety violations committed by Appellee to the Washington Department of Labor & Industries. But because she pleaded her wrongful termination claim as violating the public policy furthered by the WFLA, those reports and the subsequent alleged harassment are irrelevant to her claim.