**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JUL 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEIDI M. COX, | No. 10-35729 |
| Plaintiff - Appellant, | D.C. No. 6:09-cv-06059-HO |
| v. | |
| WAL-MART STORES INC., a Delaware foreign business corporation, DBA Wal-Mart, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted June 10, 2011
Portland, Oregon

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Plaintiff-Appellant Heidi Cox ("Cox") appeals from the district court's order

granting summary judgment to Wal-Mart Stores Inc. ("Wal-Mart") on her claims

of discrimination in violation of the Americans with Disabilities Act ("ADA"),

retaliation in violation of Oregon's Workers' Compensation Law ("OWCL"), and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

failure to reinstate in violation of the Family and Medical Leave Act ("FMLA") and the Oregon Family Leave Act ("OFLA"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo the district court's grant of summary judgment, "viewing all evidence in the light most favorable to the nonmoving party." *Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citations omitted). We reverse and remand.

1. The district court granted Wal-Mart summary judgment on Cox's ADA claim because (a) she was not a "qualified individual" under the statute; and (b) even if she were a "qualified individual," Wal-Mart met its burden to engage in an interactive process of accommodation. We disagree with both conclusions.

The ADA requires that covered employers make "reasonable accommodations to . . . an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). A "qualified individual" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8). "Essential functions" are "fundamental job duties . . . not includ[ing] the marginal functions of the position." *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 989 (9th Cir. 2007) (en banc) (internal quotation marks and citation omitted). We require that

2

"an employer who disputes the plaintiff's claim that he can perform the essential functions must put forth evidence establishing those functions." *Id.* at 991 (quoting *EEOC v. Wal-Mart*, 477 F.3d 561, 568 (8th Cir. 2007)) (internal quotation marks omitted).

Here, Cox offered evidence that she was able to perform the essential functions of her job with accommodations. In May 2007, when Cox returned to work after her fall, Wal-Mart afforded her several accommodations. In July 2007, Cox received an evaluation from Wal-Mart which stated that her performance "meets expectations." Wal-Mart argues, however, and the district court agreed, that Cox's statements to the Social Security Administration ("SSA") negate her assertion that she is a "qualified individual." Much like the plaintiff in *Cleveland v. Policy Management Systems Corporation*, 526 U.S. 795, 807 (1999), Cox explained that these statements did not take into account what she was capable of doing *with* accommodations, only without. As it was in *Cleveland*, this explanation is sufficient to defeat Wal-Mart's motion for summary judgment. *Id.* Moreover, Wal-Mart has not put forth any evidence establishing the essential functions of Cox's position. We therefore reverse the district court insofar as it found that Cox was not a qualified individual.

In addition, we disagree with the district court's conclusion that, even if Cox is a qualified individual, Wal-Mart is entitled to summary judgment on Cox's ADA claim because it fulfilled its obligation to engage in the interactive process of accommodation. Once a qualified individual requests an accommodation, an employer is required to "engage in an interactive process with [her] to determine the appropriate reasonable accommodation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002). The interactive process requires "(1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective." *EEOC v. UPS Supply Chain Solutions*, 620 F.3d 1103, 1110 (9th Cir. 2010) (quoting *Zivkovic*, 302 F.3d at 1089) (internal quotation marks omitted).

Here, considering the facts in the light most favorable to Cox, Wal-Mart failed to engage in the interactive process in good faith. No one told Cox that she submitted her May 2008 leave of absence request on the wrong form. When Cox requested an extension on a five-day deadline for returning additional leave paperwork in May 2008—because of a court subpoena—Wal-Mart rejected the request. A reasonable jury could conclude from this evidence that Wal-Mart did not engage in the interactive accommodation process in good faith. Therefore, Cox

4

has raised a genuine issue of material fact precluding summary judgment on this issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

2.      The district court found that Wal-Mart was entitled to summary judgment on Cox's OWCL retaliation claim because she did not establish any causal relationship between her inquiry into whether her injury might be covered under OWCL and her termination. We disagree.

Oregon law provides that it is unlawful "for an employer to discriminate against a worker because the worker has . . . invoked . . . the procedures provided for in" OWCL. Or. Rev. Stat. § 659A.040(1). To establish a prima facie case of a § 659A.040(1) violation, a plaintiff must show that (1) she invoked the workers' compensation system; (2) that she was discriminated against, and (3) that the employer discriminated against her because she invoked the workers' compensation system. *Kirkwood v. Western Hyway Oil Co.*, 129 P.3d 726, 729 (Or. Ct. App. 2006). A plaintiff may rely on circumstantial evidence in establishing her prima facie case. *See Herbert v. Altimeter, Inc.*, 218 P.3d 542, 548 (Or. Ct. App. 2009).

Here, considering the facts in the light most favorable to Cox, Wal-Mart terminated her between seven and ten months after she invoked her OWCL rights. Cox has offered evidence that during those intervening months, Wal-Mart

5

disciplined her unjustifiably on three occasions, and refused to accommodate her, even though before Cox invoked her rights, Wal-Mart found her performance acceptable and gave her accommodations. A reasonable jury could infer from this evidence that Cox's termination was causally linked to her invocation of her OWCL rights. *See Kirkwood*, 129 P.3d at 728-29 (concluding that defendant was not entitled to summary judgment on plaintiff's OWCL retaliation claim for lack of causation where nearly three years passed between the plaintiff's invocation of rights and termination, and the plaintiff admitted that some of his employer's disciplinary measures against him after his invocation were legitimate). Because there are material triable issues of fact, Wal-Mart is not entitled to summary judgment on Cox's OWCL retaliation claim.

**3.** The district court found that Wal-Mart was entitled to summary judgment on Cox's FMLA/OFLA failure to reinstate claim because it found that she did not seek and Wal-Mart did not deny reinstatement. Again, we disagree.

We recently explained that "[t]he right to reinstatement [under the FMLA]. . . is the linchpin of the entitlement theory." *Sanders v. City of Newport*, --- F.3d ----, 2011 WL 905998, *5 (9th Cir. 2011) (internal quotation marks omitted). Construing the evidence in Cox's favor, the record does not support the district court's conclusion that Cox never sought reinstatement. In mid-April 2008, when

6

Cox's FMLA leave was nearly exhausted, she met with a Wal-Mart human resources employee. According to that employee, "[Cox] had expressed wanting to come back to work"; "She wanted to come back." This evidence creates a factual question as to whether Cox sought reinstatement and whether Wal-Mart interfered with her FMLA entitlement to it. Thus, Wal-Mart is not entitled to summary judgment on this claim.

**REVERSED and REMANDED.**

*Cox v. Wal-Mart*, No. 10-35729

GOULD, J., dissenting in part:

I concur in Parts I and III, but I respectfully dissent from Part II. The majority takes the logical fallacy of *post hoc ergo propter hoc* to new heights. I cannot agree that Cox, by showing only that she was disciplined and terminated after she asked about workers' compensation, has raised a genuine issue of fact about a causal link between her invocation of the system and her termination. Because Cox has not met her prima facie burden under Oregon law, I would affirm the district court's grant of summary judgment for Wal-Mart on the retaliation claim.

To prevail on a retaliation claim under Oregon Revised Statute section 659A.040(1), Cox must show that Wal-Mart discriminated against her because she invoked the workers' compensation system. While it is true that "in some cases, causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity," such an inference only arises when "the termination . . . occurred fairly soon after the employee's protected expression." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (internal quotation marks and citation omitted) (collecting cases and noting that periods as short as four months were "too long" to support the causal inference). Here, Cox was terminated more than seven months after she invoked the workers'

compensation system. That fact, without more, does not support an inference of retaliatory motive.

Moreover, under our established precedent, even assuming Cox met her prima facie burden, that is not the end of the inquiry. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (holding that the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection.").[1] If the employer supplies a legitimate, nondiscriminatory reason for its actions, the burden shifts to the plaintiff, who must then show that the reason provided by the employer was pretext for an impermissible reason. *Id.* at 804. Wal-Mart provided legitimate reasons for its disciplinary steps, but Cox did not adduce any evidence that Wal-Mart's stated reasons were pretextual. Instead, Cox alleges that the discipline she received was unfair; but a bare allegation falls short of establishing retaliation. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.").

I respectfully dissent as to Part II.

---

[1] We have held that "the *McDonnell Douglas* burden-shifting scheme is federal procedural law" and that it applies to claims brought under Oregon Revised Statute section 659A. *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1092 (9th Cir. 2001).