NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT WARD, Plaintiff-Appellant, v. COUNTY OF SISKIYOU; SISKIYOU COUNTY BOARD OF SUPERVISORS, Defendants-Appellees. | No. 19-15413 D.C. No. 2:17-cv-00519-JAM-DMC MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 15, 2020**
San Francisco, California

Before: R. NELSON and BRESS, Circuit Judges, and BLOCK,*** District Judge.

Plaintiff-Appellant Robert Ward appeals a district court order granting

summary judgment to Defendant-Appellee County of Siskiyou (the "County") on

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

all his claims.  We review that decision de novo.  *Animal Legal Def. Fund v. U.S. FDA*, 836 F.3d 987, 988 (9th Cir. 2016) (en banc) (per curiam).  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1.     The district court's ruling that portions of Ward's declaration must be stricken under the sham affidavit rule was not an abuse of discretion because there were unambiguous inconsistencies between Ward's deposition testimony and his declaration.  *Yeager v. Bowlin*, 693 F.3d 1076, 1079 (9th Cir. 2012).  For example, Ward testified in his deposition that he never told anyone above his supervisor, Stacey Jackson, about his son's medical conditions.  Then, in his affidavit filed in opposition to summary judgment, he testified that he also told Chief Deputy Probation Officer Jennifer Villani, who is senior to Jackson.  Similar inconsistencies are present throughout paragraphs 7 through 11 of Ward's declaration.  We therefore uphold the district court's decision to strike those paragraphs.

2.     Ward's claim that he became a permanent employee fails.  Ward was hired as an "extra-help" employee.  And nothing since his date of hire—including the passage of time, the number of hours Ward worked, the County's policies, or the attachment to the Memorandum of Understanding—changed that classification. *See Jenkins v. Cty. of Riverside*, 41 Cal. Rptr. 3d 686, 697–704 (Ct. App. 2006). The Memorandum of Understanding between the County and the Siskiyou County

Probation and Juvenile Peace Officers' Association did not entitle Ward to permanent employee status because he was not eligible for membership in the Association. Moreover, Ward's actions, including applying for promotions, show that he knew he was an extra-help—not permanent—employee. *Id.* at 697. As a matter of law, therefore, Ward was not a permanent employee. This conclusion defeats Ward's due process claim and his California Labor Code § 200 claim based on pay increases, floating holidays, and vacation days.

3. Ward's claim of interference under the Family and Medical Leave Act (FMLA) fails because there is no evidence that he "provided sufficient notice of his intent to take leave." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014) (quoting *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011)). Nor is there any evidence that the County "denied him FMLA benefits" or prevented him from declining shifts to care for his son. *Id.* To the extent Ward asserts a claim for FMLA discrimination or retaliation, that claim fails because there is no evidence that Ward "oppos[ed] any practice made unlawful" by the FMLA. 29 U.S.C. § 2615(a)(2); *see Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1136 (9th Cir. 2003).

4. Ward's discrimination claim under California Government Code § 12940(a) fails because he has not provided any evidence to suggest that the County's reason for not promoting him or terminating him was pretextual. *Castro-*

3

*Ramirez v. Dependable Highway Express, Inc.*, 207 Cal. Rptr. 3d 120, 127–28 (Ct. App. 2016). Indeed, the record shows that Ward was not promoted because he was not the highest ranked candidate. And there is no evidence that Jackson, who supposedly said that Ward's son's medical condition affected Ward's chances of a promotion, had any influence over those decisions or knowledge as to why Ward was ranked where he was. To the contrary, Jackson was not part of the panel that made those decisions. Moreover, the supervisor who made the decision to terminate Ward for insubordination and favoritism to female inmates testified that she did not know Ward's son was disabled and did not remember anyone discussing the number of days off Ward took. Because Ward has not shown discrimination under § 12940(a), he also has not shown that the County failed to prevent discrimination under § 12940(k). *Trujillo v. N. Cty. Transit Dist.*, 73 Cal. Rptr. 2d 596, 602 (Ct. App. 1998). We therefore affirm the grant of summary judgment as to Ward's claims under both sections.

5. Summary judgment was proper as to Ward's retaliation claim under California Government Code § 12940(h),which makes it unlawful for an employer to "discriminate against any person because the person has opposed any practices forbidden under this part . . . ." The activities Ward claims led to discrimination— including discussing his desire for better employment benefits with supervisors and others and reporting co-workers for time spent chatting and playing on their

4

phones—are not practices forbidden by that section. To the extent Ward's claim is based on reporting associational discrimination stemming from his son's medical condition, he has not provided any evidence that he ever opposed or reported such discrimination.

6. The district court's grant of summary judgment on Ward's claim under California Labor Code § 1102.5(b) was likewise proper. That section prohibits an employer from retaliating against an employee who "discloses . . . a violation of or noncompliance with a local, state, or federal rule or regulation." Cal. Labor Code. § 1102.5(b). Yet Ward has not identified any such rule other than his unsupported claim that he was disclosing violations of "Juvenile Hall (local County) rules." He therefore has not shown that he "engaged in a protected activity." *Patten v. Grant Joint Union High Sch. Dist.*, 37 Cal. Rptr. 3d 113, 117 (Ct. App. 2005).

7. The County is also entitled to judgment as a matter of law on Ward's claims under California Government Code § 12945.2(t). Ward's claim of interference fails because there is no evidence that the County interfered with or denied Ward family leave rights under California law. Instead, Ward testified that he was able to turn down shifts when his son was sick and provided no example of a time in which supervisors opposed a request for a schedule modification. Moreover, Ward's claim for retaliation fails because there is no evidence that he

5

was retaliated against for "exercising" a right to take leave. *Moore v. Regents of Univ. of California*, 206 Cal. Rptr. 3d 841, 855 (Ct. App. 2016).

8. The district court's grant of summary judgment on Ward's California Labor Code § 200 claim based on the County's failure to pay for hours spent attending job-related trainings and an attendance fee was also proper. There is no evidence that Ward was required to attend either training or that he was told that the trainings or fees would be paid for. That Ward's supervisor told Ward that he could attend the trainings if he wanted does not mean Ward must be paid for his attendance time. Nor does the County's payment of an attendance fee for one of the trainings—per its policy at the time—show that Ward must be compensated. Ward cites no authority suggesting otherwise.

9. On appeal, Ward does not challenge the district court's grant of summary judgment on his first, eight, ninth, and tenth causes of action. We therefore affirm the district court's grant of summary judgment as to those abandoned claims.

**AFFIRMED.**

6