**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIM ALLEN; DANIEL XENOS; SHERRELL SMITH; NANCY RODRIGUEZ; YUANKE XU; DIANA SISTI; MELISSA NIGH, on behalf of themselves, all others similarly situated, and the general public,<br><br>　　　　Plaintiffs-Appellants,<br><br>　v.<br><br>HYLAND'S, INC., a California corporation; STANDARD HOMEOPATHIC COMPANY,<br><br>　　　　Defendants-Appellees. | No.　21-55289<br><br>D.C. No.<br>2:12-cv-01150-DMG-MAN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted May 10, 2022[**]
Pasadena, California

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WATFORD and FRIEDLAND, Circuit Judges, and ROBRENO,*** District Judge.

This is the second time this case has come before our court. We previously remanded the case to the district court for additional proceedings on Plaintiffs' claim that, by marketing various homeopathic products, Defendants committed unfair business practices under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"). *See Allen v. Hylands, Inc.*, 773 F. App'x 870, 874 (9th Cir. 2019). On remand, the district court granted judgment to Defendants on that claim. Plaintiffs now appeal that judgment, including by arguing that the district court erred by declining to take judicial notice of certain documents issued by the Federal Trade Commission ("FTC"). We review the district court's findings of fact for clear error and its conclusions of law de novo. *Lim v. City of Long Beach*, 217 F.3d 1050, 1054 (9th Cir. 2000). We review the district court's decision whether to take judicial notice for abuse of discretion. *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir. 1995). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The parties dispute the proper test under California law for a consumer's unfair business practice claim brought under the UCL. We agree with the district

---

*** The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2

court that it is not necessary to decide which test should apply in this case because, in light of the district court's findings of fact, Plaintiffs cannot prevail under any of the three tests the parties are debating.

The district court was required to accept as true the jury's determination that Plaintiffs failed to prove, by a preponderance of the evidence, that Defendants' products do not work as advertised. *See Sanders v. City of Newport*, 657 F.3d 772, 783 (9th Cir. 2011) ("[W]here legal claims tried by the jury and equitable claims tried by the court are 'based on the same set of facts, the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.'" (quoting *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 507 (9th Cir. 1989))). On remand, the district court made additional factual findings, including that Defendants' products followed all applicable FDA labeling regulations,[1] and that Plaintiffs failed to meet their burden of showing that "the *only* medical benefit provided by Defendants' products is via the placebo effect."

Those factual determinations were not clearly erroneous. In finding that Plaintiffs had failed to meet their burden of showing that Defendants' homeopathic remedies did not work, the district court cited testimony from one of Defendants' experts, who testified about studies that found certain homeopathic products performed better than placebos or just as effectively as standard treatments, as well

---

[1] Plaintiffs do not appear to challenge this finding on appeal.

as testimony from one of Plaintiffs' experts, who conceded that there was a scientific dispute about the efficacy of homeopathic remedies. Although the district court's finding that Plaintiffs failed to meet their burden regarding the efficacy of homeopathic remedies is not the only conclusion one could draw from the evidence, that finding is "plausible in light of the record viewed in its entirety" and therefore "cannot be clearly erroneous." *United States v. Working*, 224 F.3d 1093, 1102 (9th Cir. 2000) (en banc) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)).

The jury's and district court's factual findings foreclose Plaintiffs' unfair business practice theory, no matter which test applies. Under the FTC section 5 test, Plaintiffs would need to show that their consumer injury is "substantial." *Camacho v. Auto. Club of S. Cal.*, 48 Cal. Rptr. 3d 770, 777 (Ct. App. 2006). Plaintiffs contend that the substantial injury in this case is that Defendants marketed products to Plaintiffs that provide no benefit beyond the placebo effect. The district court expressly found that Plaintiffs failed to meet their burden of proving Defendants' products provided no such benefit. Under the tethering test, Plaintiffs argue that Defendants' conduct violated California's "strong public policy against the deceit of another." That argument is foreclosed by the jury's finding that Plaintiffs had failed to meet their burden of showing that the products could not work as advertised and the district court's finding that Defendants

4

complied with all applicable FDA requirements in marketing their products. Finally, under the balancing test, Plaintiffs contend that Defendants engaged in conduct that was "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 85 Cal. Rptr. 2d 301, 316 (Ct. App. 1999) (quotation marks omitted), by marketing products that were ineffective, not adequately tested, and/or heavily diluted. This argument fails in light of the jury's and district court's factual determinations that Plaintiffs failed to show the products did not work and that Defendants complied with FDA requirements for marketing homeopathic products.[2]

2. Plaintiffs also contend that the district court abused its discretion by declining to take judicial notice of three FTC documents that Plaintiffs submitted following remand. "We do not reverse the district court's decisions under an abuse of discretion standard unless we are 'convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances.'" *Boyd v. City & County of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009) (quoting *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000)).

---

[2] Because we affirm the judgment for Defendants on the merits, we need not reach their alternative argument that this appeal should be dismissed, or that the judgment should be summarily affirmed, on the basis of Plaintiffs' purported failure to comply with the federal rules of appellate procedure. *See* Fed. R. App. P. 10(b)(2).

Plaintiffs have failed to show that the district court abused its discretion in declining to take judicial notice of these documents. In light of the parties' agreed-upon post-remand joint status report, which provided that the parties would file findings of fact and conclusions of law based upon "evidence previously submitted at trial relevant to the UCL claim," we cannot say that it was "beyond the pale of reasonable justification" for the district court to decline to consider new evidence on remand. *See id.*

**AFFIRMED.**